UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

KRISTINA NEVIUS                )
                               )
    Plaintiff,             )
                               )
v.                             )
                               )   Case No. 1:06CV01965
                               )   Judge: Henry H. Kennedy
                               )
AFRICAN INLAND MISSION         )
INTERNATIONAL, INC., et al.    )
                               )
    Defendants.            )

**DEFENDANT'S REPLY TO *PLAINTIFF'S*
OPPOSITION TO THE MOTION TO DISMISS OF
DEFENDANT AFRICA INLAND MISSION INTERNATIONAL, INC.**

COMES NOW the Defendant, Africa Inland Mission International, Inc. ("AIM"), and in reply to Plaintiff's *Opposition to the Motion to Dismiss of Defendant Africa Inland Mission International, Inc.,* states as follows.

**I. INTRODUCTION**

Plaintiff Opposition is more notable for what it lacks rather than or what it contains. Plaintiff filed her Complaint on November 17, 2006, containing four counts: (1) Breach of Contract, (2) Violation of the District of Columbia Human Rights Act, (3) Defamation, (4) Unjust Enrichment, (5) Conversion, and (6) Breach of Trust and Demand for Accounting.

On December 15, 2006 AIM filed its Motion to Dismiss Plaintiff's Complaint on the grounds that (1) this Honorable Court lacks subject matter jurisdiction over the claim in its entirety, (2) Plaintiff's claim in Count II for violation of the *District of Columbia Human Rights Act*s is time barred by the statute of limitations, (3) Count II should also be dismissed as all alleged discriminatory acts complained of occurred outside the District of

1

Columbia, (4) Count III for defamation is barred by the statue of limitations, (5) Plaintiff fails to state a claim for unjust enrichment in Count IV, (6) Plaintiff fails to plead the requisite elements for her claim of conversion in Count V, (7) Count I, IV, and V must be dismissed as Plaintiff has failed to join necessary and indispensable parties, (8) Plaintiff has failed to state a claim upon which relief can be granted in Count I, Count IV, Count V, and Count VI, and (9) Plaintiff has failed to state a claim for breach of trust as Section 170 of the Internal Revenue Code does not allow a trust to be created for her personal benefit.

On January 22, 2007, Plaintiff filed her Opposition to AIM's Motion to Dismiss that contains no more than three pages of "argument" with no less than one page of the "argument" being dedicated to two block quotes from the Court. The only argument against AIM's Motion to Dismiss that are put forth by Plaintiff address why Plaintiff believes this Honorable Court has subject matter jurisdiction, and why Plaintiff's claims for D[ef]amation (*sic*) is not time barred, and why alleged violation of the District of Columbia Human Rights Act is not barred because of the fact that all alleged and complained of actions occurred outside of the District of Columbia.

Plaintiff has chosen to simply not oppose AIM's arguments that (1) Plaintiff fails to state a claim for unjust enrichment in Count IV; (2) Plaintiff fails to plead the requisite elements for her claim of conversion in Count V; (3) Count I, IV, and V must be dismissed as Plaintiff has failed to join necessary and indispensable parties; (4) Plaintiff has failed to state a claim upon which relief can be granted in Count I, Count IV, Count V, and Count VI; and (5) that Plaintiff has failed to state a claim for breach of trust as Section 170 of the Internal Revenue Code does not allow a trust to be created for her

personal benefit. All of these arguments by AIM for dismissal remain unopposed by Plaintiff.

## II. ARGUMENT

### A. Counts I, II, IV, V, and VI of the Complaint must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1)

The First Amendment to the United States Constitution and the well-established "ministerial exception" that has developed thereunder, prohibit this Court from exercising subject matter jurisdiction over Plaintiff's allegations that Africa Inland Mission's religious decisions regarding who may serve as a religious missionary under its authority, regarding the religious duties and religious activities that such missionaries shall perform, and regarding how Africa Inland Mission may oversee its missionaries and its various missions projects in the performance of such religious duties and services.

At the heart of Plaintiff's Complaint is the fact that she was unhappy that the Regional Missions Director of African Inland Mission made a decision to shut down the Mark 9:37 Missions Project and allow the property to be used by a local church. Furthermore, the Plaintiff appears to be unhappy as to how the accusations of unbiblical conduct and various other decisions regarding her mission work were handled by African Inland Mission. It is clear from the Complaint that the Plaintiff is challenging the ecclesiastical decision(s) and authority of African Inland Mission, a religious, non-profit mission agency.

Plaintiff argues that "Ms. Nevius' claims against AIM, Inc. can be decided by this Honorable Court based on neutral principles of law." This is simply not the case. Plaintiff makes not attempt to argue that the recognized "ministerial exception" does not apply in this matter as AIM contends. Plaintiff seems to clearly concede that AIM is a

3

religious organization and that Plaintiff occupied a ministerial position while a missionary of AIM.

This said, this Honorable Court has expressly recognized that it does not have jurisdiction over claims brought under the District of Columbia Human Rights Act by plaintiffs, such as Plaintiff in this instant matter, that are covered by the "ministerial exception." *See Pardue v. Center City Consortium Schools of Archdiocese of Washington, Inc.*, 875 A.2d 669 (2005).

Additionally, AIM makes not concessions regarding the existence of an employment contract as Plaintiff contends. However, even if an employment contract did exist, Plaintiff has pointed to no case which allows this Honorable Court to have jurisdiction over Plaintiff's claim for breach of an employment contract for a ministerial position. Not a single case offered by Plaintiff in support of her opposition contains a matter wherein the parties were in a dispute over an employment contract regarding a ministerial position that falls clearly under the recognized "ministerial exception."

On the face of her complaint Plaintiff has made it clear that no employment contract could have been breached even if it existed. Plaintiff alleges that she was an employee with AIM. Plaintiff alleges that funds were "given [AIM] by Ms. Nevius' donors for her personal support and sustenance." See Complaint ¶ 43. Plaintiff alleges that she no longer is an employee of AIM. Having alleged that Plaintiff was, but is no longer is an employee of AIM, and that all funds complained of were allegedly "given" to AIM, Plaintiff cannot successfully assert that she somehow has a legal right to funds donated to AIM. Plaintiff is asking this Court to do something that is outside of its ability to do. Plaintiff is asking this Court to find that she is entitled to charitable contributions

4

that Plaintiff alleges were "given" to AIM. Any claim by Plaintiff that she is entitled to charitable contributions made to a 501(c)(3) tax exempt organization is clearly not supportable as such a finding would be clearly prohibited by the Internal Revenue Code.

Clearly this Honorable Court is without subject matter jurisdiction over Counts I, II, IV, V and VI and as such these counts must be dismissed.

**B. Plaintiff's Claim for Violation of the District to Columbia Human Rights Act is Time Barred and Plaintiff's Claim for Violation of the District of Columbia Human Rights Act is Barred as All Acts Complained of Occurred Outside of the District of Columbia**

The title of Section IV (B) of Plaintiff's Opposition is, "Ms. Nevius' Claim For D[ef]amation as Well as Her Claim Under the District of Columbia Human Rights Act May Not Be Time-Barred." Despite this title, this section contains no argument as to why Plaintiff's claim for violation of the District of Columbia Human Rights Act is not time barred and as such AIM's position in this regard remains unopposed.

With regard to AIM's claim that Count II should be dismissed as the alleged discriminatory acts occurred outside the District of Columbia, Plaintiff's argument against this is specious at best. Plaintiff offers the case of *Matthew v. Automated Business Systems & Services, Inc.*, 558 A.2d 1175 (D.C. App. 1989), therein citing *Honig v. District of Columbia Office of Human Rights*, 388 A.2d 887 (D.C. 1978), to support her apparent contention that any employer in the world may be sued by any other party in the world, within the District of Columbia, for any alleged violation of the District of Columbia Human Rights Act, and this Honorable Court would have jurisdiction. Plaintiff is mistaken in her contention.

5

Following the citation offered by Plaintiff in her Opposition, the *Matthew* Court went on to state that:

> The trial court erred in viewing our opinion in *Honig* as establishing a "nexus" test which plaintiffs must meet before a court may exercise jurisdiction over their discrimination claims. *Honig* deals exclusively with the issue of administrative agency discretion, a subject of no relevance to the Superior Court. While the OHR may decide in its discretion not to entertain a complaint for administrative reasons, the Superior Court cannot decline to consider a complaint which properly alleges the necessary jurisdictional facts. This distinction is important because a person claiming a violation of the Human Rights Act has a choice between filing a complaint before the OHR and bringing an original action in the Superior Court under D.C.Code § 1-2556 (1987). Indeed, we recognized in *Honig* that "enforcement by a private person" may still be available even if the OHR declines, in its discretion, to exercise jurisdiction. 388 A.2d at 888; *accord, Brown v. Capitol Hill Club,* 425 A.2d 1309, 1311 (D.C.1981).
>
> Thus we hold that *Honig* imposes no jurisdictional test for actions in the District of Columbia courts under the Human Rights Act. The trial court's reliance on *Honig* in this regard was erroneous

*Id*. At 1181.

The *Matthew* Court did not state that anyone may sue their employer for an alleged violation of the District of Columbia Human Rights Act and may in fact sue them in a District of Columbia court. And it certainly did not state that this Honorable Court has jurisdiction over all such claims. The Court said only that the trial courts reliance on *Honig* was erroneous as *Honig* does not impose a jurisdiction test for actions under the District of Columbia Human Rights Act. It did not state that there was to be no test, only none under *Honig*. The Court made it clear that "Indeed, we recognized in *Honig* that "enforcement by a private person" **may** still be available even if the OHR declines, in its

6

discretion, to exercise jurisdiction." *Id.* at 1181. (emphasis added)

Plaintiff has made no claim that she was ever employed in the District of Columbia by AIM. Plaintiff's claim for violation of the District of Columbia Human Rights Act against AIM, a New York corporation, for whom she alleges to have performed no work for in the District of Columbia, must be dismissed for lack of subject matter jurisdiction, as all of the complained of acts that Plaintiff alleges occurred, occurred outside of the District of Columbia, and in fact outside of the United States entirely.

### C.  Plaintiff's Claim for Defamation is Time Barred

In Count III, Plaintiff alleges that Africa Inland Mission defamed her through actions that she alleges occurred in Namibia. Plaintiff alleges that, "on April 7, 2005, in the presence of others, Mr. Rineer falsely accused Ms. Nevius of stealing Mark 9:37 funds and abusing the children in her care." Complaint ¶¶26 and 52. This is the only allegation of publication to third parties in the Complaint. All allegations contained in the Complaint refer to alleged actions that occurred more than one year prior to Plaintiffs filing of her Complaint.

In response to AIM's assertion that her claim for defamation is time barred, Plaintiff responds that paragraph 29 of her Complaint should save this claim from being time barred. Plaintiff ignores that paragraph 52 through 55 of her complaint directly address what claims for defamation she is alleging she should be compensated for. There is no claim of ongoing defamation in this Count and particularly ¶ 55 of the Complaint states specifically what alleged actions Plaintiff is seeking damages for. Plaintiff's claim for defamation is clearly barred by the statute of limitations.

7

**Conclusion**

For the reasons stated herein and as have otherwise been submitted to this Honorable Court, and that may otherwise be argued at a hearing or further written submission to this Honorable Court, all of the individual Counts of Plaintiff's Complaint should be dismissed with prejudice as against the Defendant Africa Inland Mission International, Inc.

                                      Respectfully Submitted,
                                      Africa Inland Mission International, Inc.
                                      By counsel

**GAMMON & GRANGE, P.C.**

_____-s-_____
Timothy R. Obitts, Esq., DC Bar#478470
Gammon & Grange, P.C.
8280 Greensboro Drive, 7th Flr.
McLean, Virginia 22102
(703) 761-5000
(703) 761-5023 -facsimile-

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 29th day of January, 2007, a true and accurate copy of the foregoing was served by U.S. first class mail, postage prepaid, to the following:

    Robert N. Kelly, Esq.
    James B. Travis, Esq.
    1120 Twentieth Street, NW
    South Tower
    Washington, DC 20036-3437

                                        _____-s-_____
                                        Timothy R. Obitts, Esq.